UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60174-Civ-Huck/O'Sullivan

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

I. C. SYSTEM, INC.,

    Defendant.

_____/

## PLAINTIFF'S TRIAL MEMORANDUM

Plaintiff, LAWRENCE M. SCLAFANI, files his trial memorandum as follows:

1.    The parties have settled or otherwise resolved all claims except for Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

2.    Plaintiff has alleged Defendant placed calls to his cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice. He further alleges the calls were not made for emergency purposes and that he did not consent to such calls. United States District Judge William P. Dimitrouleas recently entered an order imposing liability against a debt collector for violations of the TCPA which is attached as Exhibit "A". <u>Hicks v Client Services</u>. Judge Dimitrouleas's order appears to be the first summary judgment order in the federal system against a debt collector for violation of the TCPA. The counsel before the Court today are well aware of the Hicks decision as they both were counsel in that

case as well. Judge Dimitrouleas provides a concise and informative discussion of the TCPA at pages 8 through 12 of his order.

    3.    The TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. §§ 227(b)(1).

    4.    As mentioned in Judge Dimitrouleas's order, Congress has given the FCC authority to establish rules implementing the TCPA. In January 2008 the FCC issued its rules regarding auto dialed calls to cellular telephones placed in the context of debt collection. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 1992 WL 690928, 71 Rad. Reg. 2d (P & F) 445, 7 F.C.C.R. 8752, 7 FCC Rcd. 8752 (F.C.C Oct 16, 1992) ("FCC Order") . A complete copy of FCC Order is attached as exhibit "B".

5.      Defendant bases its defense upon its contention that Plaintiff expressly consented to the placement calls to his cellular telephone using an autodialer or pre-recorded messages. The FCC Order establishes that if a consumer provides his cellular telephone number to the original creditor in the course of establishing the underlying debt, then the consumer has consented to such calls. The FCC Order establishes the burden of proof of consent is on Defendant and that the defense is an affirmative defense – not an allegation that Plaintiff must prove.

6.      Another important issue will be whether Defendant violated the TCPA when it initiated the calls to Plaintiff or when Plaintiff received the calls. The 9th Circuit recently issued a ruling on this issue. <u>Satterfield v Simon</u>, a copy of which is attached as Exhibit "C". The Court noted that the TCPA did not define "call" and the Court resorted to the dictionary definition of "call" and found that "call" means to get in touch with someone by telephone or to *try* to get in touch with someone by telephone. Thus the violation of the TCPA occurs when Defendant initiates a call to Plaintiff's cellular telephone regardless of whether Plaintiff answers the call or even receives it.

                                        Respectfully submitted,

                                        DONALD A. YARBROUGH, ESQ.
                                        Attorney for Plaintiff
                                        Post Office Box 11842
                                        Fort Lauderdale, Florida 33339
                                        Telephone: (954) 537-2000
                                        Facsimile: (954) 566-2235
                                        donyarbrough@mindspring.com

                                        <u>s/Donald A. Yarbrough</u>

                        Donald A. Yarbrough, Esq.
                        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60174-Civ-Huck/O'Sullivan

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

I. C. SYSTEM, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 22, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                              s/Donald A. Yarbrough
                                                              Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
Suite A
2124 West Kennedy Boulevard
Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675

Via Notices of Electronic Filing generated by CM/ECF