UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60174-Civ-Huck/O'Sullivan
(Consent)

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

I. C. SYSTEM, INC.,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED MOTION FOR
AN AWARD OF COSTS AND ATTORNEY'S FEES**

    Plaintiff, LAWRENCE M. SCLAFANI, moves the Court for an Order that Defendant, I. C. System, Inc., pay to Plaintiff an award of costs, litigation expense, and attorney's fees for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and, in support thereof states as follows:

    1.    On February 2, 2009, Plaintiff filed a Complaint (DE 1) alleging Defendant violated the FDCPA, FCCPA, and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA"). Plaintiff also alleged a state law tort for intrusion upon seclusion.

    2.    Plaintiff herein was represented by Donald A. Yarbrough.

    3.    At Calendar Call on August 5, 2009, the parties settled the FDCPA and FCCPA claim, Plaintiff waived the state law tort claim and agreed to the dismissal of the it. The TCPA case was later tried. The settlement of the FDCPA and FCCPA claims provided Defendant would pay Plaintiff $1,000 for violation of the FDCPA and $1,000

for violation of the FCCPA plus reasonable attorney fees and costs associated with those two claims.[1] The $1,000 is the maximum award permitted under the FDCPA for statutory damages, which is all Plaintiff requested in this case. Plaintiff did not seek actual damages. There is recent case law holding that the FCCPA provides statutory damages per <u>violation</u> not per <u>case</u>, however, in this case, Plaintiff sought statutory damages of $1,000 only for violation of the FCCPA. The attorney fees requested herein are attributable to the FDCPA and FCCPA claims only. Plaintiff expects Defendant to argue that the fees should be substantially reduced because the Complaint alleged violation of the TCPA, which does not provide for attorney fees and the state law tort claim, which also does not provide for attorney fees. That argument is, however, flawed, because the fees requested here would have been incurred even if the Complaint did <u>not</u> contain a TCPA violation or a state law tort. Plaintiff's counsel has excluded all fees attributable the TCPA claim from this request. The state law tort did not involve any attorney fees and Plaintiff agreed at the Calendar call to dismiss the claim and it was dismissed.[2] All of the violations Plaintiff alleged in this case arose from the same facts – Defendant's telephone calls to Plaintiff to collect a debt and the fees cannot reasonably be divided among the claims. The situation in this case is similar to cases in which the Plaintiff

---

[1] The settlement was not reduced to writing, however, it was announced in open court. The undersigned recalls that the settlement included an injunction prohibiting further violation of the FCCPA and will obtain a copy of the transcript to clarify that issue and file a motion to obtain the injunction.

[2] Plaintiff never pursued the state law claim and this is reflected through Plaintiff's Rule 26 Initial Disclosures served April 21, 2009 in which Plaintiff did not seek damages for the state law tort.

prevails on some but not all of this claims and the question arises as to whether or not to reduce Plaintiff's attorney fees because he did not prevail on all of his claims. In this case it is not that Plaintiff failed to prevail, in fact Plaintiff did prevail on his TCPA claim at trial, but whether fees should be reduced because some of Plaintiff's claims did not have fee provisions. In a similar context, the 6th Circuit recently dealt with this issue holding:

> Litton next argues that the lodestar should be adjusted downward because Dowling was successful on only two FDCPA subclaims, while she was unsuccessful on her remaining FDCPA subclaims and her state law claims, and she waived her claims under RESPA. As noted above, we must apply a strong presumption that the lodestar represents a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). However, where a plaintiff has achieved only partial success, the lodestar method may result in an "excessive amount." Hensley, 461 U.S. at 436. In such a case, we must ask first whether the successful and unsuccessful claims were related. Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 552 (6th Cir. 2008) (citing Hensley, 461 U.S. at 434) If an unsuccessful claim is sufficiently distinct from the claim on which a plaintiff is successful, then the plaintiff is not entitled to fees for work on the unsuccessful claim. Id. Second, we must ask whether the degree of success justifies the fees awarded. Id. The plaintiff is entitled to a full fee award where it is reasonable in relation to the overall recovery. Id.
>
> Claims are related where they arise out of a "common core of facts or are based on related legal theories." Deja Vu v. Metro. Gov't of Nashville & Davidson County, 421 F.3d 417, 423 (6th Cir. 2005). The district court, having conducted a bench [**12] trial in this matter, was in the best position to determine whether counsel's billable hours could be divided on a claim-by-claim basis. On this point, the court found that Dowling's "claims arose from a common nucleus of facts such that it is impossible to disaggregate the time counsel spent on each one. . . . Although the Court rejected [some of the] claims, [the unsuccessful claims] are so factually and legally interwoven with the FDCPA claims upon which [Dowling] prevailed that the Court cannot divide Smith's hours on a claim-by-claim basis." Dowling III, 2008 U.S. Dist. LEXIS 31669, at *13. This finding is a factual one entitled to appellate deference, and a review of the record before us supports it. All of Dowling's claims--successful and unsuccessful--arose out of the same nucleus of facts. Dowling also presented related legal theories, arguing successfully that Litton misrepresented the status of her loan and unsuccessfully that those misrepresentations caused her to pay unauthorized fees and interest. Therefore, the successful and unsuccessful claims were related both factually and legally, as the district court found. Cf. Imwalle, 515 F.3d at 555.

>Litton emphasizes, however, that Dowling had already prevailed on the violations of 15 U.S.C. § 1692c(a)(2) and § 1692e(2)(A) at summary judgment and that she proved no additional statutory violations at trial. In Litton's view, therefore, Dowling was not entitled to attorney's fees for the time spent on trial-related matters. This argument misapplies the law. Where, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award. See DiLaura, 471 F.3d at 673. To the contrary, "awarding fees for services connected with related claims, though the claims prove unsuccessful, 'supports the underlying purpose of . . . encouraging attorneys to take on civil rights actions.'" Jordan v. City of Cleveland, 464 F.3d 584, 604 n.25 (6th Cir. 2006) (quoting Goos v. Nat'l Ass'n of Realtors, 314 U.S. App. D.C. 329, 68 F.3d 1380, 1386 (D.C. Cir. 1995)). Here, the district court's award is consistent with congressional intent that debtors, acting as "private attorneys general," will enforce the FDCPA. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Tolentino, 46 F.3d at 651); see also Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008).
>
>Litton also argues that what it characterizes as Dowling's limited recovery does not justify an award of $ 49,560 in attorney's fees. Although Dowling's unsuccessful claims were related to her successful ones, the award of attorney's fees must still be proportional to her recovery. Granzeier v. Middleton, 173 F.3d 568, 578 (6th Cir. 1999). In determining what is proportional, courts should not employ a strict "mathematical approach." Moore, 355 F.3d at 565-66. Rather, courts should look at "the degree of the plaintiff's overall success." Farrar v. Hobby, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989)). "A proffer of alternative arguments does not justify reducing an award, especially where . . . success on just one of the arguments would achieve the hoped-for results." Isabel v. City of Memphis, 404 F.3d 404, 416 (6th Cir. 2005).
>
>In this case, Dowling's complaint demanded "damages in excess of $ 25,000" as well as attorney's fees and costs. Although she succeeded on only one of several alternative theories, she achieved the "hoped-for" sum of $ 25,000. The district court also noted that Dowling's recovery was "exceptional" compared to other FDCPA cases. Dowling III, 2008 U.S. Dist. LEXIS 31669, at *14. Given that the Supreme Court has authorized an upward adjustment for exceptional success, see Barnes, 401 F.3d at 745-46, it was not an abuse of discretion to refuse a downward adjustment here.

<u>Dowling v. Litton Loan Servicing LP</u>, 320 Fed. Appx. 442, 448-449 (6th Cir. Ohio 2009)

    4.    Plaintiff's attorney Donald A. Yarbrough has expended a total of 22.51

hours on behalf of Plaintiff. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorney's Fees, accompanying this Motion. An itemized account is contained in the Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees.

5. The hourly rate for the services provided by Donald A. Yarbrough is $350.00 per hour.

6. The reasonable attorney fee for the services of Donald A. Yarbrough in this matter is $7,878.50 (22.51 hours x $350/hour). Plaintiff's counsel has exercised billing judgment in the preparation of his time records. He has chosen to not bill 4 hours and 25 minutes time incurred in the litigation of this case prior to the settlement at Calendar Call and has not billed any time or costs incurred thereafter with respect to the trial held on the TCPA.

7. Mr. Yarbrough incurred costs and litigation expenses of $887.20 in prosecution of this matter. See Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees.

8. Under the FDCPA and the FCCPA, a prevailing Plaintiff is entitled to attorney fees and costs incurred in the litigation of this Motion for Attorney Fees and Costs, and, accordingly, Plaintiff will file a supplemental Declaration once Defendant has filed its opposition and Plaintiff has filed his reply detailing the additional time spent on the litigation of this motion.

9. This Motion is further supported by the accompanying Memorandum of

Law.

10. Pursuant to S.D. Fla. L.R. 7.3 B(iii), Plaintiff discloses that the terms of his agreement with counsel for payment of attorney's fees and costs are the greater of 40% of any recovery or $350.00 per hour plus costs incurred.

11. As required by S.D. Fla. L.R. 7.3 B(vii), Plaintiff is filing with this Motion, an Affidavit of an Expert in support of Plaintiff's attorney's fees.

12. The total reasonable attorney fee for the services of Plaintiff's counsel is $7,878.50 and costs of $887.20 for a total of $8,765.70.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court award reasonable attorney fees for the services of Plaintiff's counsel in the amount of $7,878.50 and costs of $887.20 for a total of $8,765.70.

### CERTIFICATION PURSUANT TO RULE 7.3 B

The undersigned has reviewed the time records and supporting data in this matter and this Motion is well grounded in fact and is justified.

s/Donald A. Yarbrough
DONALD A. YARBROUGH

### CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1 A 3(a)

Plaintiff's counsel certifies that he attempted to confer on this motion with Defendant's two counsels, Dale T. Golden and Charles J. McHale, Jr., by telephoning each of them on 6 occasions, twice per day on December 14, 15, and 16, 2009. On each occasion, their assistant gave various reasons that nether Mr. Golden or Mr. McHale were

available including that they had just left for lunch, were in a mediation, and other reasons. Neither Mr. Golden or Mr. McHale have returned any of the six messages left.

## VERIFICATION

I, Donald A. Yarbrough, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the foregoing statements are true.

Executed this 28 day of December, 2009
at Fort Lauderdale, Florida

                                      s/Donald A. Yarbrough

                                      Respectfully submitted,

                                      DONALD A. YARBROUGH
                                      Attorney for Plaintiff
                                      Post Office Box 11842
                                      Fort Lauderdale, Florida 33339
                                      Telephone (954) 537-2000
                                      Facsimile (954) 566-2235
                                      donyarbrough@mindspring.com

                                  By: s/Donald A. Yarbrough
                                      Donald A. Yarbrough, Esq.
                                      Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60174-Civ-Huck/O'Sullivan

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

I. C. SYSTEM, INC.,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on <u>December 28, 2009</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                            <u>s/Donald A. Yarbrough</u>
                            Donald A. Yarbrough, Esq.

**SERVICE LIST**

Mr. Dale T. Golden, Esq.
Golden & Scaz, PLLC
Suite A
2124 West Kennedy Boulevard
Tampa, FL 33606
Telephone: 813-251-3632
Facsimile: 813-251-3675

<u>Via Notices of Electronic Filing generated by CM/ECF</u>