UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60174-CIV-O'SULLIVAN

[CONSENT]

LAWRENCE M. SCLAFANI,

    Plaintiff,

v.

I.C. System, Inc.,

    Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (DE # 42, 12/28/09).  This matter was referred to United States Magistrate Judge John J. O'Sullivan for trial pursuant to 28 U.S.C. §636(b)(1), by the Honorable Paul Huck on August 6, 2009, (DE # 16), and is now ripe for judicial review.  Upon due consideration, the instant motion is GRANTED in part and DENIED in part as described more fully below.

### I. Introduction

This lawsuit involved violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and a allegations of a state law tort for intrusion upon seclusion.  The plaintiff moves for an award of fees and costs under FDCPA and

FCCPA for a total of 22.51 hours at an hourly rate of $350.00 per hour.  The plaintiff claims that the 22.51 hours are for work done on the FDCPA and FCCPA claims only and that the plaintiff's attorney chose not to bill four (4) hours and 25 minutes for the time spent at the calendar call prior to the settlement and did not bill any time or costs that related to the trial on the TCPA claim.

At the calendar call before Judge Huck on August 2, 2009, after a discussion by Judge Huck and counsel regarding the maximum amount of recovery for the FDCPA and FCCPA claims, the parties settled the FDCPA and FCCPA claims for $1000.00 each. The plaintiff waived the state law tort claim and agreed to its dismissal.  The TCPA claim was tried.  The defendant states that it admitted liability in the Answer and Affirmative Defenses to both the FDCPA and FCCPA claims.   The defendant further states that it offered the plaintiff the $1,000.00 for both of the FDCPA and FCCPA claims in an e-mail on July 31, 2009, which the plaintiff rejected.  Accordingly, the defendant argues that the plaintiff should only be entitled to 6.6 hours of attorney time (see pp. 2 & 6 of the Response), and that the fees should be reduced by one-third, because the award was only based on two of the theories presented (see p. 11 of the Response).

On December 28, 2009, the plaintiff filed the motion for fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2).  The motion requests reimbursement for 22.51 hours of attorney time at $350.00 per hour, for a total fee award of $7,878.50, and costs and litigation expenses in the amount of $887.20 for processes server fees, filing fees and transcript fees.  In support of the motion, the

plaintiff submitted a declaration of the plaintiff's attorney, and the plaintiff's attorney's time records, which includes an itemization of the costs associated with the case. The defendant filed a response on January 25, 2010, (DE # 50) and the plaintiff filed a reply on February 8, 2010, (DE # 57).

## II. Attorneys' Fees

The methodology to determine reasonable attorneys' fees begins with a calculation of the "lodestar," which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The resulting fee carries a "strong presumption" that it is reasonable. Blum v. Stevenson, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. Hensley, 461 U.S. at 463-37.

**Reasonable Hourly Rate**

The plaintiff seeks an hourly rate of $350.00 for Attorney Donald Yarbrough. The defendant objects to this hourly rate as too high and suggests an hourly rate of $300.00 per hour. (See p. 9 of the Response). The plaintiff lists cases in which he was the counsel and the hourly rates he was awarded those cases. The Court finds that there is no support for the $350.00 hourly rate requested as the case was not novel or difficult. The FDCPA authorizes a reasonable attorney's fee as determined by the Court . Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1993). The undersigned finds that a rate of $300.00 per hour for Donald Yarbrough to be reasonable. The court may use its own experience in assessing reasonableness, and may form an independent

judgment either with or without witnesses.  <u>Norman v. Housing Authority of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).

**Reasonable Number of Hours Expended**

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel.  <u>Loranger v. Stierheim</u>, 10 F.3d 776, 782 (11th Cir. 1994) (the burden rests on the moving party to submit a request for fees that will enable the court to determine what time was reasonably expended).  The plaintiff requests compensation for 22.51 hours of work performed by the attorney in this matter.  The defendant objects to the attorney's fees requested in the plaintiff's motion.  The defendant argues that the plaintiff should only be entitled to recover 6.60 hours of time because the plaintiff is not entitled to recover fees and costs for time spent after the July 31, 2009, offer.  This is because, the defendant argues, no recovery was made for the plaintiff on the FDCPA claim after that date.  The undersigned finds that the plaintiff may recover the attorney time spent and billed after the July 31, 2009, offer, because the undersigned finds that until Judge Huck's ruling on the $1000.00 award, attorney's fees were properly accruing.  Accordingly, the undersigned declines to reduce the plaintiff's attorney fee recovery to 6.60 hours of attorney time.

The defendant further argues, without prejudice to the argument that the plaintiff is only entitled to 6.60 hours of attorney time, that the attorney time should be reduced by one-third, because the plaintiff is only entitled to recover fees on two of the claims presented.  In support of this notion, the defendant cites to a Judge Gold Order in

4

Curtis v. Credit Control Services Inc., 08-60558-Civ-Gold/McAliley (DE # 79, 10/26/09). In Curtis, Judge Gold reduced the plaintiff's fee by 50% because the TCPA claim in that case was unrelated to the FDCPA and the FCCPA claims. In Curtis, the plaintiff's attorney fee request was reduced by 17 hours for time spent on the TCPA claim (for which the statute does not permit the recovery of attorney's fees), but the billing records did not bill separately for the work done on each claim. The undersigned does not find here that a one-third reduction is appropriate as was in the Curtis case, because in this case the plaintiff's attorney did not request any fees for time spent after the settlement of the FDCPA and the FCCPA claims.

    The defendant further argues that the plaintiff is not entitled to recover for specific time entries. These entries include .33 hours on July 27, 2009, related to filing a motion for extension of time to respond to deadlines in the case and .08 hours for the review of a show cause order issued by the court on February 18, 2009, prior to the defendant having answered the complaint in this matter, both of which the defendant argues are not compensable. The defendant also objects to time entries of .75 hours billed on June 11, 2009, to meet with the plaintiff to prepare for deposition and a time entry for .58 hours on June 12, 2009, to prepare for the plaintiff's deposition. The defendant argues that these entries are redundant. Finally, the defendant objects to .33 hours billed on June 17, 2009, for reviewing the defendant's deposition, because the defendant's deposition was not taken in this case. The undersigned agrees that the two .33 hour time entries and the .08 hour time entry are not compensable. The undersigned finds that it is entirely plausible to bill .75 hours to meet with a client to

5

prepare for deposition on one day and spend .58 hours the next day preparing for deposition and does not find that a reduction is necessary for these time entries. Accordingly, the undersigned finds that a reduction of .74 hours claimed by the plaintiff is warranted, resulting in a total award of 21.77 hours.

The undersigned finds that the plaintiff should be awarded fees as follows: 21.77 hours at $300.00 per hour for Donald Yarbrough for a total of **$6,531.00**.

### III. Costs

The plaintiff requests costs in the amount of $887.20.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at p. 1248.  The plaintiff prevailed in the present case on the FDCPA, FCCPA, and TCPA claims.   The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. § 1920.  Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;

>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>   (5) Docket fees under § 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. §1920. In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. See EEOC v. W&O, Inc., 213 F. 3d 600, 620 (11th Cir. 2000).

   A. Fees of the Clerk

The plaintiff seeks to recover $350.00 for the fees of the clerk. This cost is permitted under 28 U.S.C. § 1920. The defendant does not object to this cost. The undersigned awards the plaintiff **$350.00** for these costs.

### B. Fees for Service of Summons and Subpoenas

The plaintiff requests $30.00 in costs for the service of process. These costs are permitted under 28 U.S.C. § 1920 and are reasonable. The defendant does not object to these costs. The undersigned awards the plaintiff **$30.00** for these costs.

### C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

The plaintiff requests $507.20 in costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case for the deposition of the plaintiff. These costs are permitted under 28 U.S.C. § 1920 if the printed or electronically recorded transcripts were necessarily obtained for use in the case. The defendant objects to a recovery by the plaintiff for any amount more than $186.60 related to these costs, because the plaintiff ordered the transcript on an expedited basis and was charged $507.20. The defendant ordered the transcript, but not on an expedited basis, and was only charged $186.60 for the same transcript. The undersigned finds that the transcript was necessarily obtained for use in the case, but the plaintiff should not recover the expedited charges. The undersigned awards the plaintiffs $186.60 for these costs.

In sum, the plaintiff's cost request is reduced by $320.60. Accordingly, the undersigned awards the plaintiffs costs in the amount of $566.60.

In accordance with the above and forgoing, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff's Verified Motion for an Award of

8

Costs and Attorney's Fees (DE # 42, 12/28/09) is GRANTED in part and DENIED in part and the plaintiff is awarded **$6,531.00** in attorneys' fees and **$566.60** in costs for a total award of **$7,097.60**.

DONE AND ORDERED in Chambers at Miami, Florida this 18th day of March, 2010.

                                      JOHN J. O'SULLIVAN
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record